IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DENNIS PRIDGIN** | § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| **SAFETY-KLEEN CORP., SAFETY-KLEEN SYSTEMS, INC. and SAFETY-KLEEN (TS), INC.** | § § § § | |

**DEFENDANT SAFETY-KLEEN SYSTEMS, INC.'S
NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant **SAFETY-KLEEN SYSTEMS, INC.** (the "Removing Defendant") hereby removes the above-entitled action to this Court based upon the supporting grounds set forth below. Removing Defendant, appearing solely for the purpose of this Removal and for no other purpose, and preserving all defenses available, including, without limitation, jurisdictional defenses, states as follows:

**THE REMOVED CASE**

1. On or about February 26, 2021, an action was commenced in the County Court at Law No. 5 of Dallas County, Texas, captioned *Dennis Pridgin v. Safety-Kleen Corp.; Safety-Kleen Systems, Inc.; and Safety-Kleen (TS), Inc.*, Cause No. CC-21-00739-E. A true and correct copy of Plaintiff's Citation and Original Petition are annexed hereto in Exhibit "C".

**TIMELINESS OF REMOVAL**

2. Defendant Safety-Kleen Systems, Inc. was first served with a copy of the Petition on March 2, 2021.

3. This Removal is timely filed under 28 U.S.C. § 1446(b) because it is being filed within 30 days of receipt of a copy of the annexed Citation and Petition.

## CONSENT TO REMOVAL

4. Removing Defendant is not required to gain the consent of any Defendant who has not been properly joined or served. *See* 14C Wright, Miller & Cooper, Federal Practice and Procedure § 3733, at 354-55 (1998); *Shaffer v. Northwestern Mutual Life Ins. Co.*, 394 F. Supp. 2d 814, 819 (N.D. W.Va. 2005) ("a co-defendant is not required to join or consent if it has not been served with the initial pleadings at the time the notice of removal is filed"); *Bridgestone/Firestone, Inc. v. Ford Motor Co.*, 204 F. Supp. 2d 1149, 1152 (S.D. Ind. 2002) ("Certain reasons for the failure of a defendant to join in the removal action are valid excuses. For instance, the removing defendants need not obtain the consent of defendants who have been served as of the time of removal, as long as the removing defendants allege lack of service on the absent defendant.") (internal citations omitted); *Electro Grafix, Corp. v. Acadia Ins. Co.*, Civil Action No. SA-18-CA-589-XR, 2018 U.S. Dist. LEXIS 138103, at *6 (W.D. Tex. Aug. 14, 2018) ("holding that in cases alleging improper joinder, application of the requirement that all co-defendants must consent to removal 'would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists') (*citing Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2014) (finding that "courts have recognized as exceptions to the rule of unanimity…where a defendant is merely a nominal, unnecessary or formal party-defendant.").

5. As further detailed below, neither Safety-Kleen Corp. ("SKC") nor Safety-Kleen (TS), Inc. ("SKTS") were properly joined, and thus consent to removal is not required from those entities.

6. Accordingly, all defendants properly joined and served consent to this Notice of Removal.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

7.  Plaintiff alleges significant personal injuries as a result of exposure to solvents provided by Defendants. Plaintiff alleges that he suffered and will continue to suffer pain and agony in mind and body and is unable to attend to his duties.[1]  Plaintiff affirmatively alleges damages in excess of $1,000,000. *See* Exhibit "C," Plaintiff's Original Petition, Section IX.

8.  As required by 28 U.S.C. § 1332(a), and upon information and belief, the amount in controversy thus exceeds $75,000, exclusive of interest and costs.

## REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

9.  Removal of this action is proper under 28 U.S.C. § 1441(a) because this is a civil action over which the federal district courts would have had original diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. As further required by 28 U.S.C. § 1332(a), there is complete diversity of citizenship between Plaintiff and Removing Defendant.

10.  As admitted in the Petition, Plaintiff is a resident of the State of Texas. *See* Exhibit "C," Plaintiff's Original Petition, ¶ 9.  Upon information and belief, Plaintiff is thus not a citizen of any other jurisdiction for the purposes of 28 U.S.C. § 1332.

11.  Removing Defendant is, and at all relevant times was, a corporation organized under the laws of the State of Wisconsin.  A true and correct copy of Removing Defendant's business information from the Wisconsin Department of State is annexed hereto as Exhibit "E".

12.  Removing Defendant's principal place of business at the time that the Petition was filed is the Commonwealth of Massachusetts.  A true and correct copy of Removing Defendant's Business Entity Summary from the Commonwealth of Massachusetts, Corporations Division is annexed hereto as Exhibit "F".

---

[1] Removing Defendant denies that Plaintiff is entitled to any relief, but that position is immaterial for the purpose of determining the amount in controversy.

13. Thus, Removing Defendant is a citizen of the State of Wisconsin and the Commonwealth of Massachusetts for the purposes of diversity in this matter.

14. SKC is, and at the time that the Petition was filed was, a non-existent, bankrupt corporation. As such, SKC cannot and did not maintain a principal place of business at the time that the Petition was filed. A true and correct copy of the bankruptcy plan that dissolved SKC in August 2003 is annexed hereto as Exhibit "G".

15. SKTS is, and at the time that the Petition was filed was, a non-existent, bankrupt corporation organized. As such, SKTS cannot and did not maintain a principal place of business at the time that the Petition was filed. A true and correct copy of the bankruptcy plan that dissolved SKTS in August 2003 is annexed hereto as Exhibit "G".

16. As detailed below, SKC and SKTS are nominal parties not required to remove this action and whose citizenship should not be considered for the purpose of diversity jurisdiction.

17. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, and Plaintiff and Removing Defendant are citizens of different States.

## THE NOMINAL DEFENDANTS SHOULD BE DISREGARDED FOR THE PURPOSE OF DIVERSITY

18. SKC and SKTS are non-juridical, bankrupt corporations that were dissolved in 2003, some 18 years before the Petition was filed. As dissolved entities, neither SKC nor SKTS can or do maintain a principal place of business at the time that the Petition was filed. Prior to their dissolution in 2003, some 18 years before the Petition was filed, both corporations were incorporated in Delaware and had their principal places of business in Texas. Plaintiff has named these entities as defendants in this action in an attempt to destroy the complete diversity necessary to remove the case to federal court.

19.     SKC and SKTS are "nominal defendants" in that Plaintiff cannot recover against them in state court. *Robinson v. Nat'l Cash Register Co.*, 808 F.2d 1119, 1123 (5th Cir. 1987) ("Where, however, the removing party can prove that there is 'absolutely no possibility' that the non-diverse defendant will be liable to plaintiff in state court, or when there is 'no arguably reasonable basis' that state law might impose liability on the non-diverse defendant, removal is allowed without complete diversity.") (internal citations omitted). As such, the citizenship of both SKC and SKTS is irrelevant for the purpose of determining diversity jurisdiction (and, by extension, for the application of the so-called resident defendant rule). *Farias v. Bexar Cty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 869 (5th Cir. 1991).

20.     Here, Plaintiff cannot possibly allege a cause of action against SKC or SKTS because both entities were dissolved in August 2003 by bankruptcy court order. *See, e.g. Ashley v. Devon Energy Corp.*, No. 14-512, 2015 U.S. Dist. LEXIS 23319, 2015 WL 803136, at *4 (M.D. La. Feb. 25, 2015) (finding plaintiff has no reasonable basis for recovery where defendant filed for bankruptcy, ceased operations, liquidated, had no office, employees, assets or property, does not maintain bank accounts, and is essentially has no corporate existence); *see also Weinstein v. Conoco Phillips*, No. 13-919, 2014 U.S. Dist. LEXIS 29175, at *4 (W.D. La. Feb. 28, 2014) (finding that there is no reasonable basis for recovery against a defendant who 'has no existence of any kind' and 'will never, make an appearance, will never participate, and will never be available for recovery'); *see also Lehrer v. Paris*, NO. 01-97-00907-CV, 1999 Tex. App. LEXIS 508, at *2 (Tex. App. Jan. 28, 1999) (affirming dismissal of bankrupt entity for want of prosecution); *and see Sanchez v. Hester*, 911 S.W.2d 173, 174 (Tex. App. 1995) (affirming lower court order dismissing proceeding against bankrupt defendants, and finding that the order did not violate the cause of action against the remaining defendants);.

21. In addition, under Texas Business and Commerce Code section 11.356, claims may not be asserted against defunct companies after a period of three years. As such, Plaintiff may not assert the claims in the Petition against either of SKC or SKTS based on the August 2003 dissolution date.

22. Finally, SKC, a holding company, and SKTS were not involved in the alleged conduct of Removing Defendant, Safety-Kleen Systems, Inc., that gave rise to this action, and thus are not and cannot liable to Plaintiff. *See Farias*, 925 F.2d at 872 (finding that non-removing defendants were nominal parties because defendant could not be held liable for negligence where it had no legal duty to the plaintiffs).

23. Further, SKC and SKTS are not necessary to the action such that Plaintiff will be prejudiced by their absence. *Farias*, 925 F.2d at 869 (*citing Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, etc., 427 F.2d 325, 327 (5th Cir. 1970)) (quotations and citations omitted) (the ultimate test is whether "in the absence of the defendant, the court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff"). When SKC and SKTS are no longer defendants, Plaintiff will maintain an action as to Removing Defendant.

24. Thus, SKC and SKTS must be disregarded for all purposes of removal based on diversity jurisdiction.

## STATE COURT PLEADINGS

25. Copies of all process, pleadings and orders that Removing Defendant received are annexed hereto as Exhibit "C," pursuant to 28 U.S.C. § 1446(a).

## VENUE IS PROPER

26. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Northern District of Texas, Dallas Division is the federal judicial district embracing the County Court at Law No. 5 of Dallas County, Texas, where the underlying state court action was originally filed.

## NOTICE TO STATE COURT

27. Removing Defendant will file a copy of this Notice of Removal in the County Court, Dallas County, and will promptly thereafter serve a copy of the same upon the other parties to this action pursuant to 28 U.S.C. § 1446(d).

## THIS NOTICE IS PROCEDURALLY CORRECT

28. Removing Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

   a. Index of all documents filed in the State Action;

   b. Docket Sheet in the State Action;

   c. Copies of all process, pleadings and orders filed in State court; and

   d. Signed Disclosure Statement and Certificate of Interested Persons.

29. Removing Defendant is filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Disclosure Statement and Certificate of Interested Persons.

30. Removing Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

31. Plaintiff has demanded a jury trial in the State Court Action.

32. Trial has not commenced in the County Court at Law No. 5.

**WHEREFORE**, Defendant Safety-Kleen Systems, Inc. gives notice that the above-captioned action commenced in the County Court at Law No. 5 of Dallas County, Texas, has been removed to this Court.

Dated: March 29, 2021
Dallas, Texas

By: */s/ Jonathan C. LaMendola*
**JONATHAN C. LaMENDOLA**
Texas Bar No. 00792637
jlamendola@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 220-5204
(214) 220-5254 (Fax)

**ATTORNEYS FOR DEFENDANT
SAFETY-KLEEN SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to the following counsel for Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 29th day of March, 2021:

Kurt Arnold
Caj D, Boatright
Roland T. Christensen
Joseph F. McGowin
Arnold & Itkin LLP
6009 Memorial Drive
Houston, TX 77007

Chuck Cowan
The Law Offices of C.D. Cowan, P.C.
414 S. Bonner Avenue
Tyler, TX 75702

Mark Mueller
Mueller Law, PLLC
404 W. 7th Street
Austin, TX 78701

*/s/ Jonathan C. LaMendola*
**JONATHAN C. LaMENDOLA**