IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DENNIS PRIDGIN,<br><br>      Plaintiff,<br><br>v.<br><br>SAFETY-KLEEN CORP.,<br>SAFETY-KLEEN SYSTEMS, INC., and<br>SAFETY-KLEEN (TS), INC.<br><br>      Defendant. | Civil Action No. 3:21-CV-00720-K |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Safety-Kleen Systems, Inc.'s Motion to Dismiss or Sever Non-Entities Safety-Kleen Corp. and Safety-Kleen (TS), Inc. (the "Motion") (Doc. No. 5), Plaintiff's Response to Defendant Safety-Kleen Systems, Inc.'s Motion to Dismiss or Sever Non-Entities Safety-Kleen Corp. and Safety-Kleen (TS), Inc. (the "Response") (Doc. No. 23), Defendant Safety-Kleen Systems, Inc.'s Reply Memorandum of Law in Support of Motion to Dismiss or Sever Non-Entities Safety-Kleen Corp. and Safety-Kleen (TS), Inc. (the "Reply") (Doc. No. 27), and Defendant's Court-Ordered Supplemental Briefing in Further Support of Defendant Safety-Kleen Systems, Inc.'s Motion to Dismiss or Sever Non-Entities Safety-Kleen Corp. and Safety-Kleen (TS), Inc. (the "Supplement") (Doc. No. 37). The Court has carefully considered the Motion, the Response, the Reply, the Supplement, the associated briefs and exhibits, and the relevant law. Because the Court finds that Safety-Kleen Corp.

1

and Safety-Kleen (TS), Inc. were dissolved in bankruptcy almost eighteen years ago, and because Plaintiff's claims fall outside of the survival period to assert claims against dissolved entities under Delaware law, the Court **GRANTS** Defendant's Motion.

I.     **Parties' Arguments**

Safety-Kleen Systems, Inc. ("Safety-Kleen" or "Defendant") motions this Court to dismiss Defendants Safety-Kleen Corp. ("SKC") and Safety-Kleen (TS), Inc. ("SKTS") from this lawsuit pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 6 at 5. Defendant contends that SKC and SKTS were dissolved in bankruptcy over eighteen years ago and that a bankruptcy court Order enjoins claims against them. *Id.* As proof, Defendant offers the Modified First Amended Joint Plan of Reorganization of Safety-Kleen Corp. and Certain of Its Direct and Indirect Subsidiaries (the "Plan") (Doc. No. 6-1 at 4) and, as Exhibit A to the Plan, the Schedule of Plan Proponents and Corresponding Bankruptcy Case Numbers ("Exhibit A"). *Id.* at 69. According to Defendant, Exhibit A identifies the seventy-three entities that were dissolved in the bankruptcy along with the docket number for the case associated with the entity in question. *Id.* SKC is associated with docket number 00-2303(PJW). *Id.* at 70. SKTS is associated with docket number 00-2328(PJW). *Id.* at 71. Defendant Safety-Kleen Systems, Inc. swears that it, along with its subsidiaries, emerged from the bankruptcy as the operating entity for the debtors' operations. *See* Doc. No. 6 at 7.

Among other arguments, Plaintiff maintains that dismissal of any Safety-Kleen entity is improper at this point based on the facts outlined in its Complaint. *See* Doc.

No. 23 at 6-7. Further, Plaintiff argues that the Court cannot look beyond the pleadings without treating Defendant's Motion as one for summary judgment. *Id*.

## II. Legal Standard and Judicial Notice

In considering a Rule 12(b)(6) motion, a court must determine whether the plaintiff has sufficiently stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A well-pleaded complaint must allege facts upon which the claims are based and not be a conclusory recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must state sufficient facts such that the "claim has facial plausibility" and is not merely "possible." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff pleads a claim with facial plausibility when the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable." *Id.* The complaint must allege sufficient facts to "give the defendant fair notice" of plaintiff's claims against the defendant. *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The alleged facts must be facially plausible such that the facts nudge the plaintiff's claims "across the line from conceivable to plausible." *Id*. at 570.

The Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). The Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). The

Court must generally determine a motion to dismiss for failure to state a claim based solely on the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, the Court may permissibly refer to matters of public record in deciding a 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). And, per Fed. R. Evid. 201(b)(2), the Court may take judicial notice of an adjudicative fact when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed."

The Court takes judicial notice that on August 1, 2003, the United States Bankruptcy Court for the District of Delaware entered its Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. § 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming Modified First Amended Joint Plan of Reorganization of Safety-Kleen Corp. and Certain of Its Direct and Indirect Subsidiaries (the "Order"). Doc. No. 6-1 at 73. The Court takes judicial notice that the Order approved and confirmed the Plan "in its entirety." *Id.* at 97. Further, the Court takes judicial notice from § 6.2(a) of the approved Plan that "each of SKC, SK Services and each CSD Subsidiary" were dissolved as part of the Plan. *Id.* at 38. The Court takes judicial notice that the approved Plan defines "Subsidiary" as "any Debtor other than SKC." *Id.* at 28. The Court also notices that the approved Plan defines "Debtors" as Safety-Kleen Corp. and each of its direct and indirect Subsidiaries listed on Exhibit A to the Plan in their capacity as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code." *Id.* at 17. The Court takes judicial notice that the Plan defines "CSD Subsidiaries" to

mean "all of the direct and indirect Subsidiaries (that are Debtors) of SK Services, except for SK Systems and its direct and indirect subsidiaries." *Id.* at 17. The Plan defines "SK Services" as "Safety-Kleen Services, Inc., debtor-in-possession in the jointly administered above-captioned cases." *Id.* at 27. The Court takes judicial notice that SKTS' Texas Franchise Tax Public Information Report filed with the Texas Secretary of State in 2004 states that Safety-Kleen Services, Inc. is the parent corporation of—with a 100% interest in—Safety-Kleen (TS), Inc. Doc. No. 37-1 at 5. Finally, considering the above, along with Exhibit A to the approved Plan, the Court notices Safety-Kleen (TS), Inc. as a plan proponent debtor dissolved as part of the approved Plan. Doc. No. 6-1 at 71.

### III.   Analysis

In diversity actions, "federal courts apply the substantive state law of the state in which the district court sits, including the forum's choice-of-law rules." *Boudreaux v. C J R Framing*, 455 F. App'x 208, 209 (5th Cir. 2018) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). Texas follows the "internal affairs doctrine" which holds that the internal affairs of a foreign corporation are governed by the laws of the jurisdiction of incorporation. *See* Tex. Bus. Orgs. Code Ann. §§ 1.002(27)-(28), 1.105; *see also Hollis v. Hill*, 232 F.3d 460, 465 (5th Cir. 2000) (citing Tex. Bus. Corp. Act Ann. art. 8.02A (Vernon 1980)). SKC and SKTS were both incorporated in Delaware. *See* Doc. No. 37 at 1. Thus, the Court applies Delaware law in determining the viability of SKC and SKTS after dissolution.

Under Delaware's corporate survival statute, dissolved corporations "shall nevertheless be continued, for the term of 3 years from such expiration or dissolution . . . bodies corporate for the purpose of prosecuting and defending suits[.]" 8 Del. C. § 278. After that period, the dissolved corporation cannot sue or be sued unless a trustee or receiver was appointed under 8 Del. C. § 279. *See, e.g.*, *Smith-Johnson S.S. Corp. v. United States*, 231 F. Supp. 184, 186 (D. Del. 1964); *Greb v. Diamond Inter. Corp.*, 56 Cal. 4th 243, 273 (2013).

Here, Plaintiff's Complaint was filed on February 26, 2021, nearly eighteen years after the dissolution of SKC and SKTS. Plaintiff's claims against SKC and SKTS thus fall outside of the survival period to assert claims against dissolved entities under Delaware law.

**IV.   Conclusion**

For the reasons stated above, the Court **GRANTS** Defendant's Motion. Plaintiff's claims against Defendants Safety-Kleen Corp. and Safety-Kleen (TS), Inc. are dismissed without prejudice.

**SO ORDERED.**

Signed December 16th, 2021

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE