UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS PRIDGIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV- 0720-B |
| | § | |
| SAFETY-KLEEN SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Safety-Kleen Systems, Inc. ("Safety-Kleen")'s Motion for Summary Judgment (Doc. 57) and Plaintiff Dennis Pridgin's Motion for Voluntary Dismissal (Doc. 65). For the reasons given below, the Court finds plain legal prejudice to Safety-Kleen to warrant conditionally granting Pridgin's Motion and dismissing this action with prejudice. However, the Court will allow Pridgin an opportunity to withdraw his Motion if he wishes to avoid a dismissal with prejudice.

### I.

### BACKGROUND[1]

This case is about whether workplace exposure to Safety-Kleen chemicals caused Pridgin's cancer. Pridgin is a former Carrier Corporation ("Carrier") employee who worked at Carrier's air conditioning plant in Tyler, Texas. Doc. 1-3, Orig. Pet., ¶ 13. Carrier employed Pridgin between 1995 and 2006. *Id*. Pridgin worked in the press shop and coil shop of the plant. *Id*.

---

[1] The Court derives this factual background from Pridgin's Original Petition (Doc. 1-3).

Pridgin claims Carrier used Safety-Kleen solvents, including a solvent known as "105 Solvent," that contained trichloroethylene ("TCE") and benzene. *Id.* ¶ 14. Exposure to TCE "carries serious health risks, including the risk of non-Hodgkin's lymphoma cancer." *Id.* ¶ 16. According to Pridgin, Safety-Kleen knew of the "hazardous, carcinogenic effects of its product" but chose to conceal these risks and continue supplying 105 Solvent. *Id.* ¶¶ 21–23. Pridgin claims he was exposed to this solvent at Carrier and was subsequently diagnosed with non-Hodgkin's lymphoma cancer in February 2019. *Id.* ¶¶ 19, 24, 26.

Pridgin filed his Original Petition in Dallas County state court on February 26, 2021, asserting products liability claims against several Safety-Kleen entities.[2] *See generally id.* Safety-Kleen removed to this Court on March 29, 2021. *See* Doc 1, Notice Removal. Since then, the Court[3] has granted a motion to dismiss, which dismissed several dissolved Safety-Kleen entities, and denied a motion to remand. *See* Doc. 34, Order; Doc. 38, Mem. Op. & Order. The parties have also conferred multiple times and engaged in discovery. *See* Doc. 20, Joint Disc. Proposal; Doc. 50, Joint Status Report; Doc. 68, Obj., 2. Safety-Kleen filed its Motion for Summary Judgment on December 7, 2022. Doc. 57, Mot. Summ. J.

The history of the two motions before the Court is somewhat unusual. After Safety-Kleen filed its Motion for Summary Judgment, Pridgin filed a Response "voluntarily declin[ing] to file an opposition to Defendant's motion for summary judgment" and stating he "[would] no longer

---

[2] The Court also presided over a similar lawsuit against Safety-Kleen brought by twenty-one former Carrier employees. *See* Orig. Pet. at 9, Vance et al. v. Safety-Kleen Systems, Inc., No. 3-21-CV-2171-B (N.D. Tex. Sept. 13, 2021), ECF No. 1-4. On October 7, 2022, the Court granted Safety-Kleen's motion to sever, severed the case into twenty distinct actions, and dismissed the individual claims without prejudice so the plaintiffs could replead their individual claims with particularity. *See* Mem. Op. & Order at 12 (N.D. Tex. Oct. 7, 2022), ECF No. 66. To date, none of the individual claims have been refiled before this Court.

[3] These motions were decided by the Honorable Ed Kinkeade. The case was transferred to this Court on April 25, 2022. *See* Doc. 48, Order.

be pursuing claims against Safety-Kleen." Doc. 60, Resp., 1. Further, he asked the Court "to enter an order dismissing Plaintiff's claims." *Id.* The Court then ordered Pridgin to file a motion for voluntary dismissal in accordance with Federal Rule of Civil Procedure 41. *See* Doc. 64, Order. Pridgin filed its Motion for Voluntary Dismissal without prejudice on March 15, 2023. Doc. 65, Mot. Dismiss. Safety-Kleen filed a partial objection, requesting that the case be dismissed with prejudice. Doc. 68, Obj., 1.

The Court previously granted both the Motion for Summary Judgment and Motion for Voluntary Dismissal in error. *See* Doc. 66, Order. This order was later vacated as to both motions. *See* Docs. 66, Order; 70, Order. The Court intends to resolve both motions in this Order. The Court's findings are detailed below.

## II.

## LEGAL STANDARD

According to Rule 41(a)(2) of the Federal Rules of Civil Procedure, once a defendant files an answer or a motion for summary judgment "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). Unless the order states otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(2). Voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense." *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012) (per curiam) (citing *In re FEMA*, 628 F.3d

at 162). The "primary purpose" of Rule 41(a)(2) is to avoid "voluntary dismissals which unfairly affect the other side." *Elbaor*, 279 F.3d at 317.

Thus, if a plaintiff "fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991). However, "the mere prospect of a second lawsuit" and the "additional expense . . . incurred in relitigating issues in another forum" are insufficient to show for plain legal prejudice. *Elbaor*, 279 F.3d at 317 & n.3. "If the court determines that [dismissal without prejudice] will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice. The latter course may include dismissing the suit with prejudice." *Harris*, 500 F. App'x at 268 (internal citations omitted).

## III.

## ANALYSIS

The Court finds that dismissing Pridgin's claims without prejudice would cause Safety-Kleen to suffer plain legal prejudice. First, Pridgin seeks to dismiss his claims at "a late stage and [Safety-Kleen has] exerted significant time and effort" defending this case. *See Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Second, Pridgin appears to moving for dismissal to avoid an adverse summary judgment ruling. *See Harris*, 500 F. App'x at 268. Thus, a dismissal with prejudice is warranted. The Court addresses both points below.

First, Pridgin moved to dismiss his claims over two years after the case was filed in state court. Since then, the parties have spent considerable time litigating. The parties fully briefed both the motion to dismiss and motion to remand filed in this case. *See* Doc. 6, Br. Supp. Mot.

Dismiss; Doc. 17, Mot. Remand. And, the Court ordered additional briefing from Safety-Kleen on each motion. *See* Doc. 31, Order; Doc. 36, Order. The parties conferred several times regarding scheduling. *See* Doc. 20, Joint Disc. Proposal; Doc. 50, Joint Status Report. The parties conducted discovery and Safety-Kleen designated several experts. *See* Doc. 56, 26(a) Discl. Expert Test.; Doc. 58, Mot. Summ. J., 2 (detailing Safety-Kleen's discovery efforts). The parties also completed mediation with mediator Mark Gilbert. Doc. 55, Alt. Disp. Resol. Summ. Finally, Safety-Kleen filed its Motion for Summary Judgment arguing that "the uncontroverted record shows that [Pridgin] cannot prove his claims." Doc. 58, Mot. Summ. J., 1. In sum, Safety-Kleen has spent significant time and expense litigating Pridgin's claims and would suffer prejudice by a dismissal without prejudice.

Second, it appears Pridgin filed his Motion for Voluntary Dismissal to avoid an adverse summary judgment ruling. In its Motion for Summary Judgment, Safety-Kleen presents deposition testimony showing Pridgin admitted he was not exposed to Safety-Kleen's solvent while working for Carrier, undermining an essential element of his products liability claim. Doc. 58, Br. Supp. Mot. Summ. J., 7–9; *see Garcia v. Pfizer, Inc.*, 268 F. App'x. 270, 272 (5th Cir. 2008) (per curiam) ("Under Texas products liability law, every plaintiff is required to establish that the product that caused an injury had been manufactured, designed, or distributed by the defendant whom he or she sues.").

Further, Pridgin did not designate any expert witnesses to support his claims by the deadline in the Court's scheduling order. *See* Doc. 5, Scheduling Order, 1. The Texas Supreme Court has "consistently required expert testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition." *Gharda USA, Inc. v. Control Sols.*, 464 S.W.3d 338, 348 (Tex. 2015). Without such an expert, Pridgin likely "lacks competent summary

judgment evidence that would create a genuine fact issue regarding the causation of his cancer." *See Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 729 (5th Cir. 2009) (affirming the grant of summary judgment because the plaintiff's experts were either excluded or could not establish causation for his claim that his cancer was caused by toxic chemicals). Given these deficiencies and Pridgin's delay in filing his motion until after Safety-Kleen moved for summary judgment, the Court must conclude that Pridgin's motion for voluntary dismissal was intended to avoid an adverse result on summary judgment.

Together, the above reasons create plain legal prejudice justifying dismissing Pridgin's claims with prejudice. And "while converting [Pridgin's] motion from voluntary dismissal without prejudice to dismissal with prejudice [is] a step that deserves serious attention," *see In re FEMA*, 628 F.3d at 163, the Court's decision falls squarely in line with Fifth Circuit precedent. *See Harris*, 500 F. App'x at 269 (modifying the district court's judgment to dismiss with prejudice because the plaintiff's attempt to "avoid an imminent adverse ruling on summary judgment" through a dismissal was "sufficient to cause plain legal prejudice" to the defendant); *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (affirming a finding of prejudice where the plaintiff sought dismissal nine months after suit was filed, the parties had filed responsive pleadings, motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing, the plaintiff's case could be interpreted as having been substantially weakened when the United States declined to intervene, and counsel had been sanctioned by the district court for failure to participate in the discovery process); *Davis*, 936 F.2d at 199 (affirming finding of prejudice where the plaintiff sought dismissal a year after removal of the case, the parties had filed pleadings, attended conferences, submitted memoranda, and a magistrate judge had issued a recommendation adverse to the plaintiff's position); *Hartford Acc.*

*& Indem. Co.*, 903 F.2d at 361 (affirming a finding of prejudice where the plaintiff sought dismissal ten months after removal of the action, the parties had participated in hearings and significant discovery, a defendant had already been granted summary judgment, and a jury trial had been set for the remaining defendants). For these reasons, the Court finds that dismissal with prejudice is proper.

However, "[o]rdinarily, the plaintiff has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous." *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990). Therefore, before dismissing with prejudice, the Court must give Pridgin "a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing [his] motion for dismissal or to accept the dismissal despite the imposition of conditions." *See id.* (quoting *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 931 (9th Cir. 1986)). Thus, if Pridgin wishes to withdraw his motion to dismiss and instead respond to Safety-Kleen's Motion for Summary Judgment, he is **ORDERED** to file a notice of withdrawal of his Motion for Voluntary Dismissal within **TWENTY-ONE (21) DAYS** of the date of this Order. Otherwise, his claims will be dismissed with prejudice.

**IV.**

**CONCLUSION**

The Court finds plain legal prejudice to Safety-Kleen to warrant conditionally granting Pridgin's Motion and dismissing this action with prejudice. However, if Pridgin wishes to withdraw his Motion for Voluntary Dismissal and instead respond to Safety-Kleen's Motion for Summary Judgment, he is **ORDERED** to file a notice of withdrawal within **TWENTY-ONE**

**(21) DAYS** of the date of this Order. Otherwise, his claims will be dismissed with prejudice, and Safety-Kleen's Motion for Summary Judgment will be denied as moot.

**SO ORDERED.**

**SIGNED: April 25, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE